MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Antonio Marroquin, | No. CV 10-596-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden MacDonald, et al., | |
| Defendants. | |

On March 16, 2010, Plaintiff Armando Antonio Marroquin, who is confined in the Corrections Corporation of America's La Palma Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), an Application to Proceed *In Forma Pauperis* (Doc. #3), and a Motion for Appointment of Counsel (Doc. #5). The Court will order Defendants Ward, Unknown Prison Lieutenant, and Hudson to answer Counts Two, Three, and Four of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.13. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

**TERMPSREF**

1  Order requiring the appropriate government agency to collect and forward the fees according
2  to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

In his Complaint, Plaintiff sues the following Defendants at the Corrections Corporation of America's Florence Correctional Center: Warden MacDonald, Case Manager

J. Ward, an Unknown Prison Lieutenant, Correctional Counselor Hudson, and Doctors T. Jackson and Wilkinson.

Plaintiff has listed his counts in the Complaint (Doc. #1) as: Count I; Count II; Count IIIA; Count IIIB, which is a continuation of Count IIIA; Count IIIC; Count III; and Count III. For purposes of clarity, the Court will identify the counts as follows: Count One will include the allegations on Document #1, page 4; Count Two will include the allegations on Document #1, page 5; Count Three will include the allegations on Document #1, pages 6 and 7; Count Four will include the allegations on Document #1, page 8; Count Five will include the allegations on Document #1, page 9; and Count Six will include the allegations on Document #1, page 10.

In Count One (Doc. #1, p.4), Plaintiff alleges that Defendant MacDonald violated Plaintiff's Eighth and Fourteenth Amendment rights when he violated "his duties to ensure adequate training[,] supervision[,] and direction of subor[d]inate employees." Plaintiff asserts that Defendant MacDonald is therefore liable for his subordinates' conduct.

In Count Two (Doc. #1, p.5), Plaintiff contends that Defendant Ward violated Plaintiff's Eighth and Fourteenth Amendment rights by intentionally informing inmates in Plaintiff's unit that the grievance Plaintiff had actually filed against prison officials was a grievance against the inmates. Plaintiff asserts that, as a result, he was assaulted by one of the inmates and suffered multiple facial fractures from the assault. Plaintiff also asserts that Defendant Ward, in retaliation for Plaintiff's grievance, searched Plaintiff's cell daily.

In Count Three (Doc. #1, pp.6-7), Plaintiff asserts that, after he was assaulted, he repeatedly requested clean clothes and a shower because he smelled and his clothes were bloody. Plaintiff claims that he told Defendant Prison Lieutenant that he was being subjected to cruel and unusual punishment and Defendant Prison Lieutenant informed Plaintiff that he did not "give a damn" about Plaintiff's constitutional rights. Plaintiff alleges that he requested grievance forms to report Defendant Prison Lieutenant's conduct and Defendant Prison Lieutenant retaliated against Plaintiff, in violation of the Eighth and Fourteenth

1  Amendments, by placing Plaintiff in a segregation unit without medical care, clothing, or a
2  shower, in an effort to punish Plaintiff.

3  In Count Four (Doc. #1, p.8), Plaintiff alleges that Defendant Hudson violated
4  Plaintiff's Eighth and Fourteenth Amendment rights by intentionally informing inmates in
5  Plaintiff's unit that a grievance Plaintiff had actually filed against prison officials was a
6  grievance filed against the inmates. Plaintiff asserts that Defendant Hudson did this as
7  retaliation and in an effort to get the inmates to hurt Plaintiff. Plaintiff contends that, as a
8  result, he was assaulted by one of the inmates. Plaintiff also asserts that Defendant Hudson,
9  in retaliation for Plaintiff's grievance, searched Plaintiff's cell daily.

10 In Count Five (Doc. #1, p.9), Plaintiff asserts a violation of his Eighth and Fourteenth
11 Amendment rights by Defendant Jackson. He claims Defendant Jackson violated his duty
12 of reasonable care to Plaintiff's medical needs because Defendant Jackson failed to provide
13 a medication and medical supplies that Plaintiff requested.

14 In Count Six (Doc. #1, p.10), Plaintiff alleges a violation of his Eighth and Fourteenth
15 Amendment rights by Defendant Wilkinson. He claims Defendant Wilkinson failed to
16 provide proper medical treatment for Plaintiff because Defendant Wilkinson denied surgery
17 for Plaintiff's disfigured face, denied medial supplies, and denied medication for Plaintiff's
18 severe headaches.

19 In his Request for Relief, Plaintiff demands a jury trial and seeks injunctive and
20 "discretionary" relief, monetary damages, surgery fees, reasonable attorney's fees and his
21 costs of suit.

## IV.  Failure to State a Claim

23 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
24 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
25 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
26 a liberal interpretation of a civil rights complaint may not supply essential elements of the
27 claim that were not initially pled. Id.

28 . . . .

### A. Count One

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

To state an Eighth Amendment claim based on a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. Id. at 1213-14; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989))).

Plaintiff has failed to allege that Defendant MacDonald was deliberately indifferent to Plaintiff's safety or that any allegedly inadequate training was the result of a deliberate or conscious choice. Thus, the Court will dismiss without prejudice Defendant MacDonald and Count One.

. . . .

. . . .

1    **B.     Counts Five and Six**

2    Not every claim by a prisoner that he has received inadequate medical treatment states

3    a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show

4    that the defendants acted with "deliberate indifference to serious medical needs." Jett v.

5    Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104

6    (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure

7    to treat the condition could result in further significant injury or the unnecessary and wanton

8    infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d

9    at 1096 (quotations omitted).

10    "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

11    1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know

12    of and disregard an excessive risk to inmate health; the official must both be aware of facts

13    from which the inference could be drawn that a substantial risk of serious harm exists and

14    he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

15    Deliberate indifference in the medical context may be shown by a purposeful act or

16    failure to respond to a prisoner's pain or possible medical need and harm caused by the

17    indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a

18    prison official intentionally denies, delays, or interferes with medical treatment or by the way

19    prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439

20    F.3d at 1096.

21    Deliberate indifference is a higher standard than negligence or lack of ordinary due

22    care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross

23    negligence will constitute deliberate indifference." Clement v. California Dep't of

24    Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter

25    Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

26    "medical malpractice" do not support a claim under § 1983). "A difference of opinion does

27    not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.

28    Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations in Counts Five and Six are vague and conclusory. Plaintiff has also failed to allege anything more than negligence, which does not constitute deliberate indifference. See Farmer, 511 U.S. at 835; Clement, 220 F. Supp. 2d at 1105. Thus, the Court will dismiss without prejudice Counts Five and Six and Defendants Jackson and Wilkinson.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated claims in Counts Two, Three, and Four against Defendants Ward, Unknown Prison Lieutenant, and Hudson, respectively. The Court will require these Defendants to answer Counts Two, Three, and Four.

## VI. Motion for Appointment of Counsel

There is no constitutional right to appointment of counsel in a civil case. See Ivey, 673 F.2d at 269. In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

TERMPSREF

1 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2 in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) Plaintiff's Motion for Appointment of Counsel (Doc. #5) is **denied** without prejudice.

(3) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.13.

(4) Counts One, Five, and Six are **dismissed** without prejudice.

(5) Defendants MacDonald, Jackson, and Wilkinson are **dismissed** without prejudice.

(6) Defendants Ward, Unknown Prison Lieutenant, and Hudson must answer Counts Two, Three, and Four.

(7) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Ward, Unknown Prison Lieutenant, and Hudson.

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(10) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and

1 | must include the costs incurred by the Marshal for photocopying additional copies of
2 | the Summons, Complaint, or this Order and for preparing new process receipt and
3 | return forms (USM-285), if required. Costs of service will be taxed against the
4 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
5 | Procedure, unless otherwise ordered by the Court.

(12) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendants Ward, Unknown Prison Lieutenant, and Hudson must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 24th day of March, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge